Melvin H. Osterman, J.
This is a claim for personal injuries against the State of New York for its alleged negligence in the operation, maintenance and control of the New York State Employment Service office at 146-01 Archer Avenue, Queens, New York.
On July 18,1956, the claimant, a 61-year-old domestic worker, appeared at the office of the State Department of Labor, Household Division, at the afore-mentioned address at approximately 7:30 a.m., it being her practice to appear at the office and be *952 assigned domestic work for the day by a member of the State’s Employment Service staff. When the office was opened at 8:00 a.m., the claimant, while approaching a counter, was caused to fall, sustaining injuries to her left knee, which injuries give rise to this cause of action.
The claimant testified that upon proceeding to the counter, she slipped, found herself on the floor, her left leg under her body and her right leg straight out. She also testified that she was then assisted to a chair, given aspirin and told to rest.
While on the chair, the claimant observed a long skid mark on the floor at the place where she had fallen, which mark was approximately two feet in length. She also observed wax on the heel and side of both of her shoes and on the bottom of her dress. She testified that the substance that she felt was a paste wax, “ like Johnson’s wax” and that she had had a familiarity with wax compositions during the more than 30 years that she had been a domestic worker.
After being treated at the employment center, the claimant went home. She visited Queens General Hospital two days later, where X rays were taken and diagnosis made that the claimant suffered a “ contusion of the left knee ” and that there was ‘ ‘ no indication of fracture ’ ’.
The claimant also testified that she saw several doctors after July, 1956, but could not remember their names nor could she produce any records or documents relating to those visits.
Claimant testified that, prior to the accident, she had worked five to six days per week and that her rate of earnings was between $50 and $60 per week. Since the accident, however, she can only work part-time and no more than three days a week. However, the court notes that in May, 1957, the claimant went to a State school for sewing instruction on a full-time basis and that she has been able to obtain child care work since November, 1956. The claimant herself admits that she is now able to do part-time work.
The State’s only witness was an employment interviewer, who was at the scene of the accident on the day in question. He testified that after the accident had occurred, he saw the claimant and the place where she had fallen; that he saw a skid mark of “ one to one and one-half feet long and one-half inch wide ’ ’ at the place of impact; that he observed a small accumulation of ‘ ‘ something ’ ’ at the end of such mark, which might have been wax or dirt. The witness also testified that the waxing of the floor was usually done on a Saturday morning near the first of each month, but was unable to produce any records and had no independent recollection of the day upon *953 which the waxing was actually done prior to this particular accident.
The court finds that the credible evidence produced at the trial indicates that there was an accumulation of excessive wax on the floor at the place where claimant fell and that the said accumulation was the proximate cause of this accident. There is sufficient evidence ‘ ‘ from which the negligence of defendant and the causation of the accident by that negligence may be reasonably inferred” (Budrow v. Grand Union Co., 302 N. Y. 804). The court also finds that the claimant was free from contributory negligence.
With respect to claimant’s injuries, the court finds that she suffered a contusion to her left knee with a resulting total disability of approximately four weeks and a partial disability of approximately 12 weeks. The court, however, finds that the testimony of claimant’s medical witness and the exhibits introduced in connection with such testimony do not substantiate a claim for further or more serious injuries than those found above.
Accordingly, the court renders judgment In favor of the claimant in the amount of $850 for her pain and suffering, past, present and future, and for the loss of earnings resulting from this accident. All motions made by the defendant during trial upon which the court reserved decision are hereby denied.